**Ruth B. CRAIG, as Administratrix of the Estate of Robert A. Craig, Deceased, Libelant,**

v.

**EASTERN AIR LINES, INC., Pan American World Airways, Inc., and United States of America, Respondents.**

**No. 65-A-150.**

United States District Court
E. D. New York.
July 6, 1966.

Height, Gardner, Poor & Havens, New York City, for respondent Pan American World Airways, Inc., by John Osnato, Jr., New York City, of counsel, for the motion.

Joseph P. Hoey, U. S. Atty., by Philip Silverman, Department of Justice, for respondent, United States of America, in opposition.

RAYFIEL, District Judge.

Pan American World Airways, Inc., one of the respondents herein, has moved under Admiralty Rule 32 for an order directing the respondent United States of America to make available for inspection and copying the report designated as Exhibit 150–A. made by one Eugene Assip, an employee expert of the Federal Aviation Agency. I have carefully read his report as well as the memoranda submitted in support of and opposition to the motion. The report consists in major part of its author's conclusions and opinions, much of it of a conjectural or speculative nature, and his various recommendations.

It may be assumed that the movant and the other parties involved herein will call their respective experts, to whom will be available the testimonial and other evidence produced at the C. A. B. hearing, as well as the factual material contained in the F. A. B. Report, the very information on which Assip based his conclusions, opinions and recommendations.

The authorities are in sharp conflict as to the propriety of granting access in discovery proceedings to the conclusions and opinions of an expert of an adverse party. The proctors for Craig and other libelants state in their supplemental memorandum that they "are not seeking to obtain access to the opinions of *an expert retained by the Government for the purpose of the litigation*," [but] "are seeking rather the opinions and conclusions of an *employee of the respondent who happens to be an expert.* \* \* \*" (Emphasis supplied.) That is a distinction without a difference.

Treating the United States "the same as any private litigant", as the said supplemental memorandum properly suggests, I hold the view, particularly in the light of the general content of the Assip report, that the movant has failed to establish the right to inspect the same.

Accordingly, the motion is denied. I direct that Assip, when and if deposed, shall not be required to answer any questions respecting his conclusions, opinions, and recommendations.

Settle order on notice.