**RELIABLE TRANSFER CO., Inc.,**
**Plaintiff,**

v.

**UNITED STATES of America,**
**Defendant.**

No. 70–C–282.

United States District Court,
E. D. New York.

Jan. 18, 1971.

———◆———

Krisel & Beck, New York City, for plaintiff by Anthony B. Cataldo, New York City, of counsel.

Edward R. Neaher, U. S. Atty., for United States of America by Louis E. Greco, Attorney in Charge, Admiralty &

Shipping Section, Dept. of Justice, and Janis G. Schulmeisters, Admiralty & Shipping Section, Dept. of Justice, of counsel.

MEMORANDUM

JUDD, District Judge.

Plaintiff's right to discovery of the conclusions and recommendations of a Coast Guard investigating officer was submitted to the court during the pre-trial conference in this case, and memoranda of law have been received on the issue.

The claim in suit arises from damages to the motor vessel Mary A. Whalen when it ran aground at a point where plaintiff alleges that a warning light on a buoy was not operating.. The accident was investigated by the United States Coast Guard.

The government has made available to the plaintiff the findings of fact of the Coast Guard investigating officer and the transcript of testimony, but claims that it should not be required to produce the conclusions and recommendations. In support of this limitation, the government cites the regulations of the Coast Guard which provide, as set forth in 46 C.F.R. 136.13–20(b), that

(b) The records of investigations of marine casualties made by investigating officers, which will be made available to persons properly and directly concerned, shall include notice of casualty or accident, statements and/or testimony of witnesses, exhibits, and any other evidentiary material presented in the investigations, and the findings of fact as determined by the investigating officers, *but shall not include the opinions, conclusions, and recommendations of such officers.* However, in casualties involving loss of life, the investigating officer's opinions, conclusions and recommendations will be released after final action thereon has been taken by the Commandant. (Emphasis supplied.)

In an analogous case, this court has held that the United States, as defendant in an aviation accident case, need produce only the evidence presented at a hearing before the Civil Aviation Board and factual material reported by the Federal Aviation Agency, but not the conclusions, opinions and recommendations of the F.A.A. expert. Craig v. Eastern Airlines, Inc., 40 F.R.D. 508 (E.D.N.Y.1966).

The distinction between facts and opinions is recognized in Moore's Federal Practice, on which plaintiff relies. Where the government is a defendant, matters involving its regulatory functions are not subject to blanket examination. 4 Moore, Federal Practice 1596 (1970). The opinions of an investigating officer are like expert opinions; discovery of the opinions of the adversary's expert may be obtained only on a showing of "exceptional circumstances under which it is impracticable for the parties seeking discovery to obtain facts or opinions on the same subject by other means." F.R.Civ.P. 26(b) (4) (B); Wright, Federal Courts 358 (2d ed. 1970).

The facts found by an investigating officer should be made available to the adversary under general principles of discovery, and are being made available in this case. Free discovery of opinions based on those facts might cause undue reticence by the investigating officer, and prevent fulfillment of the purposes of the investigation. As stated in the Coast Guard regulations, 46 C.F.R. § 136.07–1(b):

(b) The investigations of marine casualties and accidents and the determinations made are for the purpose of taking appropriate measures for promoting safety of life and property at sea, and are not intended to fix civil or criminal responsibility.

Denial of disclosure here is supported by the analogy of evidence concerning remedial measures taken after an accident, which would not be admissible even under the liberalized provisions of the proposed Federal Rules of Evidence [Preliminary Draft of Proposed Rules of Evidence for the United States Courts and Magistrates (March 1969), Rule 4–07.] As the Advisory Committee states concerning the proposed Rule (op. cit., p. 64):

The other, and more impressive, ground for exclusion rests on a social policy of encouraging people to take, or at least not discouraging them from taking, steps in furtherance of added safety.

A Coast Guard investigator might feel less free to suggest "appropriate measures for promoting safety of life and property at sea," (46 C.F.R. § 136.07–1 (b), if he thought that any suggestion of additional precautions might result in imposing pecuniary liability on the government.

Nothing to the contrary is held in Bank Line, Ltd. v. United States, 163 F.2d 133 (2d Cir. 1947), on which plaintiff relies. That case related to the *findings* of a Naval Board of Inquiry concerning a collision. The libellant sought only the testimony of the witnesses who were heard by the Board of Inquiry, and not the findings or opinions of the Board.

It is not necessary to discuss the exceptions to the Freedom of Information Act, 5 U.S.C. § 552, on which the government also relies, in view of the fact that the documents sought are not discoverable under the Federal Rules of Civil Procedure.

For these reasons, the defendant will not be required to produce any more material than has already been offered to plaintiff.